IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM MCBRIDE, on behalf of himself and others similarly situated,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **AMERATHON, LLC,** ) <br> ) <br> Defendant. ) <br> ) | CASE NO. <br><br> JUDGE <br><br><br> **COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Now comes Plaintiff, William McBride ("Named Plaintiff"), for his Complaint against Defendant Amerathon, LLC ("Defendant"), and states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Named Plaintiff as a result of Defendant's practice and policy of failing to pay Named Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Specifically, Defendant paid Named Plaintiff and other similarly situated employees by the job. Defendant did not pay Named Plaintiff and other similarly situated employees any overtime premium for hours worked in excess of 40 each workweek.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

## PARTIES

4. At all times relevant herein, Named Plaintiff was a resident of Trumbull County, Ohio when employed by Defendant.

5. At all times relevant herein, Named Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant maintained a local office in Canfield, Ohio, in Mahoning County, Ohio.

7. Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Named Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Named Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

12. Defendant is a laboratory service provider for the long-term care industry. Among other things, Defendant employs Mobile Phlebotomists that travel to its clients' places of business and provide phlebotomy services. Defendant provides these services throughout Ohio, Delaware, Florida, Georgia, Illinois, Kentucky, Maryland, Michigan, Missouri, North Carolina,

2

Pennsylvania, Tennessee, Virginia, and the District of Columbia.

13. Named Plaintiff is employed by Defendant as a Mobile Phlebotomist. As such, he: draws blood, completes certain paperwork, prepares tube labels, and transports collected specimens. Named Plaintiff, and those similarly situated, travel to facilities, such as senior nursing facilities, rehabilitation centers, assisted living facilities, and private homes, to obtain blood specimens.

14. Other similarly-situated employees were employed by Defendant as Mobile Phlebotomists throughout Ohio, Delaware, Florida, Georgia, Illinois, Kentucky, Maryland, Michigan, Missouri, North Carolina, Pennsylvania, Tennessee, Virginia, and the District of Columbia.

15. Named Plaintiff and other Mobile Phlebotomists were paid by the job.

16. Defendant failed to pay its Mobile Phlebotomists an overtime premium for hours worked over 40 per week.

17. Named Plaintiff estimates that Mobile Phlebotomists worked up to 50 hours or more per week during their employment.

**(Failure to Keep Accurate Records)**

18. Upon information and belief, Defendant failed to make, keep, and preserve records of the hours worked by Named Plaintiff and other similarly-situated Mobile Phlebotomists.

**(Defendant Willfully Violated the FLSA)**

19. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA. It is well known that, since 1938, employers are required to pay their employees an overtime premium for hours worked in excess of 40 in a workweek. Further, Defendant's related

entities have been sued multiple times in the past for this same violation in several federal courts throughout the country. Each of these cases resolved through settlement with a handful of employees. Regardless, Defendant continues its illegal pay practices.

## COLLECTIVE ACTION ALLEGATIONS

20. Named Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

21. The class which Named Plaintiffs seek to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff is himself a member, is composed of and defined as follows:

> All current and former Mobile Phlebotomists who are or were employed by Defendant between November 5, 2015, and the present, and worked in excess of 40 hours in at least one workweek.

22. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of his interests as well as his own in bringing this action.

23. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

24. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Defendant's practice and policy of not paying Named Plaintiff and other similarly-situated Mobile Phlebotomists overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

26. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly-situated Mobile Phlebotomists violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

27. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

28. As a result of Defendant's practices and policies, Named Plaintiff and other similarly-situated Mobile Phlebotomists have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all putative class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Named Plaintiff and the putative class he represents actual damages for unpaid wages;

D.	Award Named Plaintiff and the putative class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Named Plaintiff and the putative class under the FLSA;

E.	Award Named Plaintiff and the putative class he represents pre- and post-judgment interest at the statutory rate;

F.	Award Named Plaintiff and the putative class he represents attorneys' fees, costs, and disbursements; and

G.	Award Named Plaintiff and the putative class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher LLC
7266 Portage Street N.W.
Suite D
Massillon, Ohio 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email:	hans@ohlaborlaw.com
	sdraher@ohlaborlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

/s/ Hans A. Nilges
One of the Attorneys for Plaintiff